Interesting cases, and we're looking forward to the arguments. United States v. Bradley is first up. Mr. Cheslock? Yes, Your Honor. Nice to have you, sir. Thank you. May it please the Court, I represent Mr. Gerard Bradley. And the issue that the Court has asked us to further examine, after the submission originally of a brief in Anders, was the Supreme Court's finding in Alleyne, wherein the Supreme Court found that facts that expose a defendant to a punishment greater than legally prescribed were, by definition, elements of a separate crime, requiring the submission to a jury for its finding beyond a reasonable doubt. In the case before the Court, Mr. Bradley agreed to plead guilty. He agreed to have a court decide the quantity of drugs that he would be accountable for. And, of course, this decision was… That would be only as to count one, right? That's as to count one, yes, Your Honor. That was the only… That's correct. …drug offense. That's correct. The other two were firearms. Right. So count one was a drug offense. So the question was the quantity that he's responsible for under count one? That's correct. Do you agree this is plain error review? Yes, Your Honor. Okay. And what's the quantity of drugs you think he's responsible for? Less than 100 kilograms, Your Honor. Less than 100. Can you be more specific than that? Can you be more specific than that, or do you know? Well, Your Honor, my client gave a statement… If it's less than 100… …which would be… …that changes the mandatory minimum. That's correct. It would change the mandatory minimum. Or eliminates the mandatory minimum. Yes. Okay. The mandatory minimum is, what, five years? Yes. If it applies, they've got to show 100 grams of marijuana. 100 kilograms. 100 kilograms of marijuana to get them to… The five years. …to get them to the error with respect to it. That's correct. And then you would have to show that the error survives plain error review. Yes. Which is an uphill task maybe for both of you. Yes, Your Honor. But the jury didn't find anything. It was not submitted to a jury. And what was stipulated? There was only that it was stipulated that the government would make a within-guideline recommendation, and the guidelines review… As to amount of drugs. Oh, as to the amount of drugs, that the minimum quantity was 60 kilograms, though the government maintained that it was in excess of 100 or more. Well, the attachment A to the plea agreement, the only thing it talks about with respect to quantity, is 1,522.3 grams of marijuana. That was part of the statement of facts. Yes. That was stipulated to and signed by your client. And Ms. King, that's his lawyer, right? That is correct. At that time. But the 1,522 grams is how many kilograms? I believe that would be several kilograms rounded off, Your Honor. It would be 1.5, wouldn't it? Yes. It would be 1.5 kilograms. So if the stipulation applies, that's what the government's stuck with. And then unless they can go beyond the stipulation some way or another and get it up above 100. But if they can't, then the question is whether that error, the judge deeming the mandatory minimum to apply, survives plain error review because it wasn't preserved. That is correct, Your Honor. Okay. If it's error, then you've got three other prongs. You do. Yes. To get relief for your client. I'm walking you through it here. It's got to be plain, an error that's plain. It's got to jump off the page at you or something like that. It's got to be plain under the law.  And then it has to be prejudicial, right? Yes, Your Honor. And then it has to be even more than that. The fourth prong is that it's got a failure to recognize it. Then we have to decide in our discretion whether to recognize it or not. And failure to recognize it has to undermine the integrity of the process or the judicial proceedings. Now, how could you ever survive plain error review even if there's error here? Well, the decisions seem to be all over, Your Honor. We cited one case, the Laura Ruiz case. We, of course, Aline stated that the example where the failure to submit the element to a jury and a finding beyond a reasonable doubt, even if the penalties of sentencing range were the same, that it would be inappropriate to find a person guilty of one crime and not another and that the mandatory minimum meant that the crime was different than that previously charged. It's, in fact, cited an old case, an 1875 case, Hobbs, where the issue with respect to the sentencing range was submitted to a jury on the basis that the defendant faced two to ten years, when, in fact, he faced two to five years. What was the sentence, the old, whole sentence that was gotten here? Count one, you got, what was the sentence the judge gave? The sentence that the judge gave with regard to count one was 60 months. And then count two? On count two, that was a mandatory consecutive sentence of five years, 60 months. Consecutive with what? With the first count, Your Honor. Count one. Yes. Then you got count three. Where the sentence was also 60 months. So the end result is even if you win, nothing changes. Well. In terms of sentence. Well, if the . . . In fact, it could increase, I guess, because if you send it back, the judge would then have the discretion to go above the guideline or do other stuff. The judge would have the discretion if it went back. However, if it were found to be less than 100 kilograms, then the defendant would be confronted with the finding of less than 60 months, and the mandatory minimum would not be applicable. But the sentence doesn't change. You still got count two and count three, and that adds up to be exactly what he has right now. Yes, that's correct. What are you going to gain from that? I thought you said they were consecutive. No, count two was consecutive to one and three. One and three were concurrent. And, of course, the question also is whether the judge, if he were to be resentencing, whether his sentence with regard to count one may have influenced his sentence on count three. And if it does, what do you mean? So you want us to go back and say review count three too? Well, review the sentencing in its entirety. Yes. Well, how is he prejudiced? What? How is he prejudiced? Well, he's possibly prejudiced, Your Honor, because it was not considered as an element requiring a finding beyond a reasonable doubt. Although the judge did say there was a hearing, and at the hearing Agent Michael Davis and the appellant testified, and the judge found the testimony of the appellant significantly less than credible. The appellant in this particular case gave a statement under penalties of perjury where he acknowledged that since sometime in the summer until his arrest, he had been selling 10 to 15 pounds of marijuana per week. He was also apprehended. Would you take possession that can count against him on count one? Well, the judge did. Well, was that correct or not? Well, the defendant did not state that that statement was incorrect, although he acknowledged doing it. But what's the relevancy of that? How did they stipulated, or you stipulated, to 1,533 grams? So as to count one, I think. No, Your Honor. Well, as to the plea agreement, it was 1,533 grams. It's in the plea agreement. That is correct. All right. And the law in this circuit, as I understand it is, it's for a mandatory minimum you look at the offense of conviction. That is correct. And that's Judge Wilkins who wrote the guidelines. Yes. So how do you get above 1,533 grams for the amount, which is not 100 kilograms? No, no. All right. So what does this stuff about the 15 pounds a week, how can that be taken into account for the mandatory minimum purposes? Maybe it's pertinent on some of these other counts, but it can't be for the mandatory minimum unless we change the law on the Fourth Circuit. The government's stuck with the offense of conviction. That is correct, Your Honor. We don't have authority to change the law. Even if we wanted to. The prior panel governed. Well, would you agree that relevant conduct doesn't count as to count one? It's the amount. That's the only issue, the amount of drugs. And it is less than the threshold. And, in fact, there are cases that a subsequent finding by the probation department greater than the amount that was acknowledged in a plea agreement that since it was not beyond a reasonable doubt that the court was bound by the amount admitted by the defendant. That's going to get around the jury trial.  Or a finding beyond a reasonable doubt. Beyond a reasonable doubt, found by the jury, or admitted during the plea proceeding. Yes. And here he pled guilty to count one, unless there's something else that the government can show he admitted to. I read it as 1,533 grams. Yes. And then how do you get into this stuff that occurred over two or three months with so many pounds of wheat? Well, that, of course, is the government's contention. And it was in the statement given by the defendant. You've got authority to the contrary, and maybe they can show us that Judge Wilkins didn't know what he was talking about. Okay. Well, I will rest with regard to that, Your Honor, with at this particular point allow the government to. But you still have to get past plain error review. That is correct. That is a real uphill battle for you. Well, if the defendant . . . We're not trying to mess you up. I'm not trying to mess you up. I'm trying to expedite this thing here. If you got error and it's plain, how is it harmful? How is it prejudicial? And why should we recognize it if it is, which are part of plain error review? This is an issue that wasn't properly preserved. It's messed up. That's correct. In the district court by his first lawyer. So how does it survive plain error review? Maybe you can do better. You can think about that while the government is trying to explain to us why it's not error, I guess. Let me ask you, if we send this back just on a remand, resentencing on just count one, there's no good that can happen for you, is it? No, Your Honor. The defendant is still facing a 10-year admittal. But no good is going to happen because you have the same sentence. That's correct. We could get a lesser sentence on count one. Yes. That's not bad. If he gets a lesser sentence on count one, that's not bad. No, not at all, Your Honor. And the sentence could be substantially less under the guidelines, which the government acknowledged that it would sentence a within guideline sentence. And that guideline sentence, if it were as suggested, would be significantly less. You presuppose that the judge is then going to say it's going to be concurrent. I'm sorry? You presuppose that that lower sentence is then going to be running concurrent. Yes, Your Honor. But, of course, the judge has discretion to either run a concurrent or not. Although he would have to provide an explanation why it was not concurrent in this particular matter. Okay. Let's see what the government has to say about all this. Ms. Hayes? Thank you, Your Honor. Good morning, Your Honors. May it please the Court, I am Kelly Hayes, arguing on behalf of the United States. As Mr. Cheslock agreed to previously, plain error review applies here. Here, given the circumstances that Eileen came down while in direct appeal, the government concedes error and concedes that the error is plain. Thus, the analysis first turns on whether the defendant has met his burden of establishing that his rights were substantially affected. So you concede error? Absolutely, Your Honor. Under the circumstances, during the sentencing, Harris was still good law, which allowed the judge to find the quantity of marijuana in this case by a preponderance of evidence. However, Eileen does make clear that now such determinations must be made beyond a reasonable doubt. So we are now – So you concede error on the quantity? No, Your Honor. Well, that's what I'm getting at. We concede error that the quantity should have been proved beyond a reasonable doubt or submitted to the jury to be proved beyond a reasonable doubt. However, that does not end the analysis. The analysis under plain error review is whether, despite that error, Mr. Bradley's substantial rights were affected. The government does not concede that his substantial rights were – I understand that. But what – the quantity – you're conceding error on the quantity. You agree that the stipulation is the amount – No – And how do you get around Estrada? Your Honor, at the sentencing, which would have been submitted to the jury as well, the evidence showed that there was, under a variety of scenarios, that Mr. Bradley possessed intent to distribute over 100 kilograms. And that is first by the simple calculation. But the stipulation is 1,522 grams. That's correct, Your Honor. That's the only amount you can consider with respect to the mandatory minimum. Your Honor, the analysis of – I agree with that on a very – at a threshold level under – Well, it's not qualified by Estrada. There's no – that's all that can be considered in arriving at the Your Honor, that is true if this sentencing were to go forward tomorrow. I agree. Under Eileen, that – it needs – that either – there's a variety of situations in which, under a plea situation, in which a quantity is not being submitted or requested to be decided by a reasonable jury, that quantity aside from just what is stipulated in the plea agreement would establish a mandatory minimum. And let me explain that a little further. In a plea agreement situation, as was here, Mr. Bradley could have stipulated to the 100 kilograms or more. In this case, he reserved the right to have that decided by a judge. But he didn't. No, he stipulated to the amount. No, Your Honor. He reserved – Well, it's in the plea agreement. It's in the stipulation at 1,522 grams. And that's as to the offense of conviction. That's correct, but Your Honor – And that's the only thing that can be considered on the mandatory minimum. Your Honor, I would just – Do you agree with that? I believe we might be talking about two separate things. I agree – Well, we may be talking about two separate things. Yes. But unlike the relevant conduct provisions of the sentencing guidelines that permit the court to consider quantities that are not a part of the offense of conviction, the quantity attributed to the defendant for purposes of determining the applicability of the mandatory minimum provision of Section 841B is based only on specific offense of conviction conduct. Now, that's the law in the Fourth Circuit. That's correct, Your Honor. And you're arguing that he has a 60-month mandatory minimum. That's correct, Your Honor. And you admit – do you stipulate – acknowledge today that that 60 months doesn't apply? It's no longer applicable? That is correct, Your Honor. The mandatory minimum is not applicable. Because he only stipulated to 1.5 grams. That's correct, Your Honor. All right. So you can't – there's got to be error in giving him 60 months on the first count. Absolutely. And that is what the government intended to state when it said we concede the error and that the error was plain. It was error for the district court to apply the mandatory minimum. Did you acknowledge this plain error when you moved to dismiss his appeal? Your Honor, that had to do with his waiver of appeal issues, and he had a way of his right to appeal. That was the government's position in terms of the motion to dismiss. So it was on the very limited basis of the appeal waiver, in which the government asserted and it was denied that the appeal waiver applied to his sentence regardless of error. But we're here now, and the analysis therefore, despite the concession of error and that the error was plain, is whether the defendant has met his burden of establishing that his substantial rights were affected. And the government contends for two reasons that he has not met that burden. The first and foremost is that the judge made very clear in the sentencing transcript that despite the fact that he did feel as if a mandatory minimum applied, which was error, he would have imposed that 60-month sentence as to count one. And at the end of the day, the substantial rights, whether or not Mr. Bradley's substantial rights were affected, turns on the analysis of whether or not he would have received a lesser sentence but for the error. And I think Judge Winn hit the point correctly that at the end of the day, Mr. Bradley cannot prove prejudice because he would walk away with a 120-month sentence as to count three and the mandatory consecutive. The judge emphasized that he was constrained by the 60-month mandatory minimum. Absolutely. There is no doubt that the district... And absent the 60-month mandatory minimum, his guideline range would have gone down to 51 months. The guideline range would have been 51 to 63. However, if I can direct... The judge said it's not 51 to 63. It's 60 to 63. If I can direct your attention... Is that right or wrong? That's correct, Your Honor. And he gave him where on the guideline range that the judge identified, a 60 to 63, what did he give him? 60 months, Your Honor. Gave him the bottom of the guidelines. He gave him at the higher end of the 51 to 63. No, but the guideline range that he said, the guideline range is really 60 to 63 because I'm constrained by the mandatory minimum. And he gave him 60. Absent that, absent the mandatory minimum, which you say today, now the government says that's clear error, that's plain error, the mandatory minimum doesn't apply, then the range is presumably 51 to 63. That's correct. And the bottom of the guideline range is 63. The top of the guidelines range is 63, yes. Bottom of the guideline range is 51. That's correct, Your Honor. Then if the judge decided to give him the bottom of the guideline range, which he did before, he'd give him 51. Well, Your Honor, the bottom of the guidelines, despite the misapplication of the mandatory minimum, remained 51 to 63 under the base offense level. The district judge made clear, and let me point Your Honors to two very clear... But the 51 to 60 wasn't available. 51 to 59 was not available to him. He had to give him at least 60. In error, the district court did not feel that the 51 was available. But let me point the judge to two... No, you all convinced him that legally it wasn't available, and he thought legally it wasn't available, and that was before the Supreme Court decided the Alliant case. But the analysis is... And you all applied the... You said he had hundreds of pounds of marijuana or grams of marijuana, which was wrong because you calculated the... Your Honor... Which was impermissible under Estrada. Your Honor, the... Let me point you, Your Honors, to two very clear passages that despite the fact that the district court did feel that 60 to 63 months were count one only, and he did note that count three did not have a mandatory minimum, as such the 51 to 63 was readily available to him, yet he did impose 60 months on count three. So, again, at the end of the day, Mr. Bradley would be serving a 120-month imprisonment. He cannot say that he was prejudiced then by the error that resulted in count one. However, even if we were to just look in a vacuum at count one, Judge Titus said on two very clear occasions that he agreed that 60 months was the appropriate sentence under the 3553A factors. I'm going to point you to page 57, in which the district court noted that Mr. Bradley had been prosecuted in state court for essentially the exact same offense, which was possession with intent to distribute marijuana and carrying a firearm. He said that he wanted to point out several times, he said that the seriousness of the offense was at the higher level, indicating that a higher level guidelines range, that 60 to 63 months would be applicable. He says, Congress is not very patient with people who do this again, and nor am I. The reference to Congress was the Congress' inability that allowed him to not exercise his discretion to go below the 60. Going to the second part of this argument, one of your rationales being that the trial judge essentially indicated he would give the same sentence. But, you know, in that same statement, he basically indicates this is mandatory, I don't have a choice. He does that. But you make this other argument that so what? I mean, if you send it back, the sentence doesn't change unless we do something to count three. That's correct, Your Honor. And does, I mean, in plain error, is it necessary for the defendant to show that he would have gotten a lower sentence? Yes, Your Honor. Under the both Apprendi analysis and the Eileen analysis... I mean, I'm trying to keep this nice and simple because this doesn't look nearly as complicated as it sounded to me. You've got a concurrent sentence of one and three, and three is the same sentence as one. If you get rid of one, you still have three there. There's no way that sentence goes down unless the judge reexamines three. The only thing that can happen is the judge comes back and says, well, in my discretion, I now find there's a basis for being consecutive on this and increase it. Or he can go as low as he wants. He can go to zero. He's still going to end up with the same sentence at the end of the day. That's exactly right, Your Honor. I'm just not understanding, except to the point, what does it mean if something happens in the future on one of these other charges, what happens with that one? I mean, that one has stayed the way it was. And so I don't know if we fix that by saying, well, it's plain error. What do we do with it? Is it cleaner just to send it back to the judge on count one and says, tell him what you're going to do? That sort of ends all this inquiry. You've already conceded the error, but wouldn't it just be cleaner just to send it back? He's going to say the same thing. It's pretty evident from this record. Maybe he won't, but it looks pretty evident to me what he's going to do. And that's the end of this. Well, Your Honor, the government's position that that would just be a waste of judicial resources. Sure it would be. But we've got a whole lot of argument going over here about what could happen to all this other stuff. It's not that much of a waste. How long does it take you to walk in a courtroom with the defendant and judge to give a sentence based upon what's here? Understood, Your Honor. But sending it back for a full sentencing, it would be starting from scratch as to count one only. Indeed, at that point, as Your Honor may have mentioned previously, he could impose a consecutive sentence. He could have imposed a two-level enhancement for obstruction. The judge is concurrent with count three. Does that necessarily mean the judge could not revisit count three? Your Honor, the error is only as to count one. So he would revisit his sentence as to count one if this was sent back. There is no error, nor is it alleged, regarding count two or count three. So the government's position is that the district court would be constrained to looking only at count one. And Your Honor, you hit the nail on the head. Why doesn't it look better for the judicial proceedings to have a defendant sentenced to prison in a manner that's free from error, where the government admits its error? The pre-sentence report was erroneous. The pre-sentence report had the law recited wrong, and it was erroneous. The judge was misadvised by the probation officer and the lawyers on what the applicable or inapplicable, with respect to the mandatory minimum. Why not just simply do it right? Wouldn't that look better for judicial proceedings? And that's what the plain error review prong four is all about. Well, that's exactly my point, Your Honor. The plain error review states that even if there is error, this panel does not have to reverse. They don't have to. That's the discretionary call for the panel. And there's plain error. When you've satisfied the first three prongs is whether to recognize it under the fourth prong. We understand that. Your Honor, and the government... I still don't understand how count three is before us. To me, it seems like it's final. There's no error. It's there. Count three is not before you, Your Honor. It's count one, which is the only one that was a drug case. So as Judge Wynn and Judge King have said, it doesn't make any difference at the end of the day. He's still going to get 120 months. That's correct, Your Honor. And therefore, the defendant has not met his burden that his substantial rights were affected. And Judge Wynn, you said, seems very clear on the record that the district court would impose as to count one as well, I believe you said, as to count one as well, because he did say in two very different places. Not a lot, because he says it pretty definitively that really he doesn't have a choice. He says, I don't have any discretion. Congress already told me to do the mandatory. Then he goes in this extra little statement. This is serious. I acknowledge he makes those statements. That doesn't quite lock it in as some of the other cases where basically the judge just says, well, I'm doing this alternatively on this other basis too. Even if you didn't have that, I still would give you 60 months. That's tight. I don't think you need to go there. I think you... I think Judge Floyd has articulated the basis for this case, you know, as you put it here. I don't know why you keep hopping on that. Your Honor, I agree 100% that the 120... He would walk away with 120 months. 100% that you don't need to go there. I agree that the strongest argument, of course, is that he is going to walk away with 120 months, 60 months on the count three and the count two, which are not up for remand and would not be involved in any resentencing. Your Honor, I was simply addressing your comment and some of the other comments from your colleagues regarding what happens down the road if there was a 2255 or other issues surrounding count one. But that can be also addressed right here today in this opinion because under the plain error review and whether or not Mr. Bradley's substantial rights, under two different ways, aside from just the 120 months, you can actually find on this record, or the government submits, you can find on this record that he would have imposed the 60 months as to count one, regardless of whether the mandatory minimum applied. How do you find that? I'll direct again to page 58, in which the district court is discussing the 3553A factors, and he says, a significant sentence is required not only as a matter of law, meaning as he felt constrained by the mandatory minimum, but a matter of simple logic and faithfulness to the 3553A factors. I think this passage is incredibly telling. He's saying, yes, I feel constrained by a 60-month mandatory minimum, but I would apply that under the 3553A analysis as well as to count one. And I think that is very telling as to the district court's understanding that 60 months, regardless of a mandatory minimum, and looking solely at count one, which, again, as an aside, we don't need to look at solely just count one to determine that there was no prejudice to the defendant here. He has not met his burden establishing that precedent. In fact, there's a more creative way to just get rid of this case without all of this. And the reason I say that is the government could stand up and concede that he should be given the minimum guideline sentence on count one that would run concurrent with count three. You could say he gets zero on count one and run with count three, and I don't think he's got an argument. That's absolutely right, Your Honor. Why wouldn't you? Why wouldn't you just say, we will concede he's entitled to a sentence at the minimum guideline range here on count one and that it would run concurrent with it? And thank you very much, Your Honor. This has been a nice case. You can now continue to serve his 120 months. Because, Your Honor, as much as I would like to just walk away with the 51 months. You want the principle of saying you can go back and say this sentence should be something in between, but the sentence is the same. It doesn't matter at this point. The ultimate sentence is the same, regardless of whether he had gotten the minimum guidelines range of 51. What are you arguing about? You can't lose this case. Under a variety of circumstances, I agree, Judge Wynn. Unless you convince us in a way that you can lose it. I want to be sure that I have briefed you on and argued on all different ways that the government would not be able to lose this case. I think the reality is what's important here. But you don't want to be resent. No, Your Honor. We believe that on this record. You don't want him to be sentenced on count one. You want us to sustain what you acknowledge is an illegal sentence on count one. Your Honor, I acknowledge that the mandatory minimum did not apply. 60 months, however, is still the applicable sentence. And that's what he thought was the mandatory minimum. And he said he was constrained by the mandatory minimum. You want us to sustain an illegal sentence on count one and say that's not plain error. Courts don't care about things like that. Your Honor, the issue isn't that it's a plain error. The issue is under the analysis set forth by the Supreme Court, Mr. Bradley still must establish the third prong of the analysis, which is that his substantial rights were affected. The government's position is that Mr. Bradley has not established that third prong. As such, this is not a case that is right for remand. And if it were remanded. And what we look at there is count one. That's correct, Your Honor. That's right. That's correct. If there are no further questions, I'll submit on that. Thank you, ma'am. Thank you. Mr. Cheslock. The sentence on count one was an illegal sentence and that the issue on that particular count should be remanded to the district court, and we would submit. That's precisely the point of plain error review. They're all illegal if it's plain error, but we don't send them back all the time. Well, this would be contrary to what, under the court's decisions, subsequently would be a legal sentence. This was not a legal sentence, and therefore it should be corrected. And not to do so would affect the fairness and integrity of the judicial system. Thank you, Your Honor. Thank you, sir. And we note that you're a court-appointed counsel, and we appreciate your efforts in this matter. Thank you very much. And we'll come down and greet counsel and then call the next case.
judges: Robert B. King, James A. Wynn, Jr., Henry F. Floyd